FILED

AUG 2 5 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 3-11-70931 NC |
|---|---|---|
| Plaintiff, | ) | |
| | ) | DETENTION ORDER |
| v. | ) | |
| | ) | |
| JAMES ESTRELLA, | ) | |
| Defendant. | ) | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on August 22, 2011. Defendant was present, represented by his attorney William A. Welch. The United States was represented by Assistant U.S. Attorney Derek Owens.

**Part I.    Presumptions Applicable**

The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1). This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. There is probable cause based upon the Criminal Complaint and the facts found in Part IV below to believe that the defendant has committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., and under 18 U.S.C. § 924(c): use of a firearm

during the commission of a felony. This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. §§ 3142(e)(3)(A) & (e)(3)(B).

### Part II.   Rebuttal of Presumptions

The defendant has not come forward with sufficient evidence to rebut the applicable presumptions, and he therefore will be ordered detained.

### Part III.   Proof

Furthermore, the Court finds that the United States has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

### Part IV.   Written Findings of Fact and Statement of Reasons for Detention

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows:

As to the history and characteristics of the defendant, the Court adopts the Pretrial Services Report, which was not objected to by either party. 18 U.S.C. § 3142(g)(2).

The government proffered at the detention hearing that the defendant admitted to federal agents that he was in the possession of one pound of marijuana, two firearms, and more than $16,000 in U.S. currency on August 16, 2011. The Defendant had been the subject of a federal firearms and narcotics distribution investigation since late 2010. As part of that investigation, it was learned that the Defendant was the source of methamphetamine and firearms that undercover federal agents had purchased from another individual. Numerous text messages sent by the Defendant during the period from February through June of 2011, indicated the Defendant was supplying narcotics and firearms to other people. Those text messages provide descriptions, quantities, and prices for narcotics and firearms.

The government also proffered that the Defendant sent numerous text messages demonstrating his involvement in shootings on February 24, 2011, March 13, 2011, and June 1, 2011. The government proffered that two of the shootings were corroborated by police reports.

February 24, 2011 Text Messages

In a string of text messages from the time period of 23:36 through 23:53 on February 24, the Defendant sent messages that describe his attempts to acquire a firearm after he had "got in a shootout today in vallejo." The Defendant described that he had two firearms or "glocks" at his residence, but that he wanted an "ak" in case the individuals whom he had been in a shootout with came to his residence. The government proffered that the term "ak" is slang for an AK-47 type rifle.

March 13, 2011 Text Messages

In a string of text messages from 3:37 to 4:55 on March 13, the Defendant sent a message that included the statement "Mom I no wat iam doin kela and the baby going to stay at her moms till I find a new spot to move and iam murder thes niggas watch ant no fear n me." Kela Spears is the mother of the Defendant's child and was found flushing methamphetamine down the toilet of the Defendant's residence when federal agents arrived on August 13, 2011.

At 3:52:25, the Defendant sent a text message to the same number that read, "Stay there and watch the kids iam pay for thes niggas lifes foreal no just talking fatter daddy is a real killer ask manny he no him iam cash him." At 3:52:45 he sent another message, "Cash him out they will die believe me."

At 4:03, he sent a message asking, "Bro can you bring me the chopper rite now bro," and at 4:04 he sent another message saying "Naw they dnt I am ok I got to guns with me I no wat iam doing mom god please stop rite now." The government proffered that "chopper" and "sks" are slang terms for a firearms.

At 4:16 he sent another text message that read, "Mom just make sure my son is ok becus they got life fucked up if they think they going to kill me fuck them ill kill them they whole family." At 4:50 he sent a message stating, "Bra its asap situation I need a chopper bra I got whatever cash u need I need one hela bad," and at 4:55 he sent a message that read, "Aye bro ask a dawg if he wana sell me that sks."

At 15:06, he sent a message stating, "Ya me and other james up riding around lookin for them." The government proffered that the defendant had a close friend named James Newman.

June 1, 2011 Text Messages

The government proffered that on May 30, 2011, James Newman, the close friend of the Defendant, was fatally shot in Rodeo, California. The Defendant was later questioned and admitted that he was at the scene of the shooting. A suspected retaliatory shooting took place in Rodeo, California shortly after Newman was killed, and the Defendant's text messages from 1:38 to 2:39 on June 1 indicate he was involved in a shooting. On June 1, the Defendant sent a text message at 1:38 stating, "Bra iam try n to get on them niggas bt they ant out side and theres 2 police sitting n the projects bra." At 2:28, the Defendant's message states, "Did any one get hit." The defendant received a text message from 510-478-2605 at 2:29 stating, "I don't know they didnt say that on the thang." At 2:37, the Defendant replied to 510-478-2605, "So sumone got hit n the arm thats good." Later, at 13:27, the Defendant wrote, "I hit him 2 time I was try n to kill him bro."

Part V.   Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 25, 2011

NATHANAEL COUSINS
United States Magistrate Judge